UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re: )<br>)<br>Tamara Leigh Hansbrough, )<br>)<br>Debtor. )<br>_____ )<br>)<br>Lisa Fritz, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Tamara Leigh Hansbrough, )<br>)<br>Defendant. )<br>_____ ) | Bankruptcy Case No. 09-82314<br><br><br><br><br><br>Adversary Proceeding No. _____<br><br>**COMPLAINT OBJECTING TO**<br>**DISCHARGEABILITY OF**<br>**INDEBTEDNESS**<br>**(11 U.S.C. § 523)** |

The plaintiff, complaining of the defendant, alleges and says:

### PARTIES AND JURISDICTION

1.  The plaintiff is a citizen and resident of Indiana, and she is a creditor in the defendant's bankruptcy case.

2.  The defendant is a citizen and resident of Orange County, North Carolina, and is the Debtor in the above-captioned Chapter 7 bankruptcy case.

3.  This adversary proceeding is a core matter, and this Court has jurisdiction of these parties and the plaintiff's cause of action pursuant to the provisions of 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523.

4.  The plaintiff and her ex-husband, Michael Wagner ("Wagner"), were married in 1985 and had four children during their marriage.

5. Upon information and belief, the defendant first met Wagner in 2007 while Wagner was working temporarily and living part-time in Columbus, Mississippi, away from his wife and children in their home in Alabama.

6. Upon information and belief, the defendant began to seduce Wagner into an inappropriate and adulterous relationship which took place in Oktibbeha, Lowndes, and/or Clay Counties in Mississippi, as well as other places.

7. During this illicit affair, the defendant knew that Wagner was married to the plaintiff and that he was the father of their four children.

8. Upon information and belief, beginning in 2007, the defendant engaged in a successful, intentional, continuous, and persistent plan of action and course of conduct designed to win the love and affection of Wagner, to establish a romantic and sexual relationship with Wagner, and to alienate Wagner's affections away from the plaintiff.

9. Upon information and belief, the defendant's wrongful conduct caused Wagner to leave his wife and children in about February 2008 and led to the divorce of the plaintiff and Wagner in June 2009, after which the defendant continued the relationship with Wagner.

10. The plaintiff was damaged by the defendant's conduct and the plaintiff therefore filed a lawsuit against the defendant in the nature of a tort action for (1) alienation of affection, (2) negligent infliction of emotional distress, and (3) intentional infliction of emotional distress, such lawsuit being captioned <u>Lisa Fritz vs. Tami Hansbrough,</u> 1:09CV236-B-D, United States District Court for the Northern District of Mississippi, Eastern Division (the "Lawsuit"). Attached hereto and incorporated by

reference as Exhibit 1 is a true and correct copy of the plaintiff's complaint in the Lawsuit.

11. In the Lawsuit, the plaintiff sought from the defendant compensatory damages, punitive damages, and attorneys' fees, expenses and costs in the sum to be determined by the jury and the court.

12. Upon information and belief, during the pendency of the Lawsuit, the defendant filed a Chapter 7 petition and scheduled the plaintiff as a creditor.

## CLAIMS FOR RELIEF

13. The conduct of the defendant complained of herein (and in the pleadings of the plaintiff's Lawsuit against the defendant) constitutes willful and malicious conduct by the defendant in that such conduct involved acts of the defendant intentionally committed against the plaintiff without just cause or legal excuse, in conscious disregard of the rights of the plaintiff, which conduct necessarily injured the plaintiff, and which conduct the defendant knew or should have known would injure the plaintiff.

14. The damages caused by the actions of the defendant constitute a debt for willful and malicious injury by the defendant to the plaintiff under § 523(a)(6) of the Bankruptcy Code and should be determined by this Court to be nondischargeable pursuant thereto.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests the following relief:

1. That this Court determine and order that the debt owed to the plaintiff by the defendant as alleged herein and in the Lawsuit is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) or such other statues as may apply;

3

Case 10-09041    Doc 1    Filed 04/29/10    Page 3 of 8

2. That the Court determine the amount of the debt owed by the defendant to the plaintiff;

3. That the plaintiff have and recover such attorney fees as by law are allowed;

4. That the costs of this action be taxed against the defendant; and

5. For such other and further relief as is just and proper.

Dated: April 29, 2010

*Rayford K. Adams III* /s/
Rayford K. Adams III
N.C. State Bar No. 8622

*Jennifer F. Adams* /by RKA/
Jennifer F. Adams
N.C. State Bar No. 27686

Attorneys for Plaintiff

OF COUNSEL:
HIGGINS BENJAMIN EAGLES & ADAMS, PLLC
101 West Friendly Avenue, Suite 500
P. O. Box 20570
Greensboro, N.C. 27420
Telephone: (336) 273-1600

4

FILED

SEP 16 2009

DAVID CREWS, CLERK
By: Houston
Deputy

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LISA FRITZ,                                           PLAINTIFF

VS.                                                 CAUSE NO. 1:09CV236-B-D

TAMI HANSBROUGH,                       DEFENDANT

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW plaintiff, Lisa Fritz, by and through undersigned counsel, and files this Complaint against defendant, Tami Hansbrough, and in support thereof would show the following, to-wit:

### PARTIES

1. Plaintiff is an adult resident citizen of the State of Indiana where she resides at 6715 Windward Court, Brownsburg, Indiana 46112.

2. Defendant is an adult resident citizen of the State of North Carolina who may be served with process at her residence address of 109 Finsbury Lane, Durham, North Carolina 27703; her employment address of UNC School of Dentistry, 101-A Market Street, Chapel Hill, North Carolina 27516; or wherever she may be found.

### JURISDICTION AND VENUE

3. This Court has jurisdiction due to diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. §1332. Venue is proper in the Northern District of Mississippi as the cause of action and wrongful conduct of the defendant occurred or accrued, in whole or in part, in Oktibbeha, Lowndes and Clay Counties in Mississippi.

00037347.WPD

## FACTS

4. Lisa Fritz and her ex-husband, Michael Wagner, were married in 1985 and had four children during their marriage. They became separated in early 2008 and divorced in June, 2009 as a result of the wrongful conduct of defendant, Tami Hansbrough. Defendant first met Michael Wagner in 2007 while Michael Wagner was working and living part-time in Columbus, Mississippi, away from his wife and children in their home in Alabama. At that time, defendant began to seduce Michael Wagner into an inappropriate and adulterous relationship which took place in Oktibbeha, Lowndes and/or Clay Counties in Mississippi, as well as other places. During this illicit affair, defendant knew that Michael Wagner was married to plaintiff with whom he had four children. Defendant's wrongful conduct caused Michael Wagner to leave his wife and children in about February, 2008 and led to the divorce of plaintiff and Michael Wagner after which defendant continued the relationship with Mr. Wagner.

## ALIENATION OF AFFECTION

5. Said intentional, willful, reckless and negligent wrongful conduct of the defendant alienated the affections of Michael Wagner from his wife, Liza Fritz, as well as interfered with and ended their marital relations. This wrongful conduct of the defendant is the proximate cause of damages and injuries suffered by the plaintiff including loss of affection, companionship and consortium, as well as mental anguish, emotional distress and other damages.

## INFLICTION OF EMOTIONAL DISTRESS

6. Said tortuous wrongful conduct by the defendant, who knew of should have known, that plaintiff was the legal spouse of Michael Wagner further constitutes intentional and negligent infliction of emotional distress upon plaintiff which proximately caused damages to Lisa Fritz.

## COMPENSATORY DAMAGES

7. As a direct and proximate result of said tortuous conduct and actions of defendant, plaintiff has suffered monetary damages, including but not limited to, the following:

   (a) past, present and future loss of companionship, society and consortium;

   (b) past, present and future emotional distress and mental anguish; and,

   (c) other non-economic and economic damages to be shown at trial.

## PUNITIVE DAMAGES

8. As a direct and proximate result of said tortuous conduct being intentional, willful, wanton and reckless in nature by defendant, who knew she would cause harm to plaintiff and her children, plaintiff is further entitled to an award of punitive damages from defendant.

WHEREFORE, PREMISES CONSIDERED, plaintiff, Lisa Fritz, demands judgement of and from the defendant, Tami Hansbrough, for compensatory damages in an amount of not less than One Million and No/100ths Dollars ($1,000,000.00), and punitive damages in the maximum amount allowed by law, plus attorney's fees, expenses, interest and costs.

Respectfully submitted, this the  15  day of  September , 2009

LISA FRITZ

BY: _____
R. H. BURRESS, III, MSB# 8660

LAW OFFICES OF
RONALD D. MICHAEL, P.A.
1700 NORTH SECOND STREET
BOONEVILLE, MS 38829
PHONE: 662-728-6276
EMAIL: bburress@rmichaellaw.com

00037347.WPD

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned counsel of record has this date served a copy of the foregoing by first-class mail, unless otherwise indicated, and addressed to the following:

Michael D. West, Esquire
Bankruptcy Administrator
P O Box 1828
Greensboro, NC 27402-1828

Edward C. Boltz, Esquire
Suite D
1738 Hillandale Rd.
Durham, NC 27705

Tamara Leigh Hansbrough
2 Abernathy Street
Chapel Hill, NC 27517

John A. Northen, Esquire
Chapter 7 Trustee
P. O. Box 2208
Chapel Hill, NC 27514-2208

This 29th day of April 2010.

Rayford K. Adams III
N.C. State Bar No. 8622
Attorney for Lisa Fritz