UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 09-82314 |
| TAMARA LEIGH HANSBROUGH, ) | |
| ) | Chapter 7 |
| Debtor ) | |
| _____ ) | |
| ) | |
| LISA FRITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary proceeding No. 10-9041 |
| Vs. ) | |
| ) | |
| TAMARA LEIGH HANSBROUGH, ) | |
| ) | |
| Defendant. ) | |

JOINT SCHEDULING MEMORANDUM

A. The Rule 26(f) meeting of the parties in this adversary proceeding was held on July 21, 2010.

B. The following were in attendance:

(1) Rayford K. Adams III, attorney for plaintiff.

(2) Koury L. Hicks, attorney for defendant.

C. The following matters and time limits were covered during the meeting:

(1) August 16, 2010, as the last day for filing motions to amend;

(2) August 16, 2010, as the last day for filing motions to join other parties;

(3) October 8, 2010, as the date within which discovery (general and expert), must be completed;

(4) Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

From the plaintiff(s) by September 24, 2010

From the defendant(s) by September 24, 2010.

(5) Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by

another party under Rule 26(a)(2)(B) shall be due within 30 days after the disclosure made by the other party.

  (6) November 12, 2010, as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

  (7) December 10, 2010 as the last day for filing and serving the final pre-trial disclosures required by Rule 26(a)(3).

  (8) The final pre-trial disclosures shall include:

  (a) a statement of the contested issues remaining for trial;

  (b) identity of all witnesses who may be called at trial;

  (c) a concise summary of the testimony which each witness is expected to present;

  (d) a designation of witnesses whose testimony is expected to be presented by means of deposition;

  (e) identifications of all exhibits which may be offered at trial, with a copy of each exhibit attached to the disclosure form which is filed with the court;

  (f) a statement of all objections to exhibits, depositions and witnesses identified by the opposing party which shall be filed and served within 10 days after service of the pre-trial disclosures of the opposing party; and

  (g) whether a separate final pre-trial conference is requested before this adversary proceeding is scheduled for trial.

D. Statement regarding core/non-core matters:

  ____ (a) All contested issues in this proceeding are core matters, on which the bankruptcy court may enter final judgment.

  ____ (b) All contested issues in this proceeding are non-core matters, and the parties hereby state that the bankruptcy court ____ has their consent ____ does not have their consent to enter final judgment.

  _X_ (c) The contested issues in this proceeding include core and non-core matters as follows: The section 523 dischargeability claim is a core matter; the underlying tort claim is a non-core matter. As to those matters that are non-core, the bankruptcy court X has the parties= consent ____ does not have the parties= consent to enter final judgment.

____ (d) (Understanding that the distinction is of importance only if consent to bankruptcy court=s entry of final judgment is not provided) the parties disagree as to the core or non-core nature of the matters within this action as follows:_____
_____.

E. Requests for jury trial:

  _X_ (a) Neither party seeks a jury trial.

  ____ (b) The Plaintiff demands a jury trial.

  ____ (c) The Defendant demands a jury trial.

____ (d) The parties ____ agree ____ disagree regarding jury entitlement.

____ (e) If a right to jury trial exists, the parties ____ consent ____ do not consent to a jury trial in the bankruptcy court.

This 22st day of July 2010.

Signed: /s/ Rayford K. Adams III  　　Signed: /s/ Koury L. Hicks
Attorney for Plaintiff　　　　　　　　　Attorney for Defendant